# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROXANNE COVINGTON

**DEFENDANTS**
PLYMOUTH TOWNSHIP POLICE DEPARTMENT
POLICE OFFICER DOUGLAS WELLS, Badge #163

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Olugbenga O. Abiona, 215-833-8227
121 South Broad Street, Ste 1200, Phila., Pa 19107

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | |
| | | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | |
| | | | | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Civil Rights Act Section 1983

Brief description of cause:
Plaintiff was subjected to unlawful stop, unlawful arrest and detention by Defendants

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: April 16, 2024

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Philadelphia, PA__

Address of Defendant: __700 Belvoir Road, Plymouth Meeting, PA 19462__

Place of Accident, Incident or Transaction: __Ridge Pike, Plymouth Meeting, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __4/16/2024__     *[signature]*  Must sign here     __57026__
  *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Olugbenga O. Abiona, Esquire__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __4/16/2024__     *[signature]* Sign here if applicable     __57026__
  *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROXANNE COVINGTON<br>　　　　Plaintiff<br><br>　　vs.<br>PLYMOUTH TOWNSHIP POLICE DEPARTMENT<br>Police Officer DOUGLAS WELLS, Badge #163<br>　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:    CIVIL ACTION<br>      No.: |

**COMPLAINT AND JURY TRIAL DEMAND**

    **I.**        **INTRODUCTION**

1. Plaintiff brings this action for monetary damages, and other appropriate relief to redress the intentional violations of her civil rights, pursuant to 42 U.S.C. § 1983 and 1985, secured under the Constitution and laws of the United States, and comparative provisions of the laws of the Commonwealth of Pennsylvania, against Plymouth Township Police Department and Police Officer Douglas Wells, Badge #163 in his official and individual capacities, collectively referred to as Defendants.

2. Plaintiff's action arise under the Civil Rights Acts of 1871, as amended, 42 U.S.C. §§ 1983, 1985, the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, for unlawful search and seizure, unlawful arrest and detention, and common law abuse of process.

3. Plaintiff also assert her claims against Defendants under state common law theories of negligence and employee-employer agency relationship.

    **II.**        **JURISDICTION**

3. Federal court jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1343 based on Plaintiff's claims brought under the laws of the United States. The Court also has supplemental jurisdiction over Plaintiff's state law claims.

### III.  VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391, as the incidents alleged herein occurred within the Eastern District of Pennsylvania.

### IV.  PARTIES

5. Plaintiff Roxanne Covington is an adult citizen of the United States, who resides in the City of Philadelphia. Plaintiff is also a judge of the Court of Common Pleas, Philadelphia County.

6. Plaintiff is black and African American, by race.

7. Defendant Plymouth Township Police Department, (hereinafter "PTPD") is a municipal law enforcement agency constituted under the laws of the Commonwealth of Pennsylvania with its offices located at 700 Belvoir Road, Plymouth Meeting, PA 19462.

8. Defendant Douglas Wells (hereinafter "Officer Wells") is a Police Officer who at all relevant place and time in this matter was employed with the PTPD.

9. At all material times to this action, Officer Wells was acting under color of state law, and is also being sued in his individual capacity.

### V.  BRIEF STATEMENT OF THE FACTS

10. On October 9, 2022, Judge Covington, a Judge of the Philadelphia Court of Common Pleas, was operating her vehicle on Ridge Pike, in the direction towards Plymouth Meeting, when Officer Wells, traveling in the opposite direction towards Philadelphia on

2

Ridge Pike, crossed the double yellow lines into the opposing traffic and drove towards Judge Covington; to slow her down.

11. Judge Covington slowed down in response to Officer Wells, who then returned to his lane of traffic, stretched his hand out of his window, signaled Judge Covington to stop, and pulled up next to Judge Covington, stopping Judge Covington.

12. Within seconds of Officer Wells stopping Judge Covington, Judge Covington was violently struck in the rear by a vehicle operated by a suspect that was being chased by other police officers.

13. Officer Wells unlawfully stopped and detained Judge Covington, using Judge Covington's vehicle as a barricade to stop a suspect that was being chased by police officers.

14. As Judge Covington reacted to the impact to see what just struck her vehicle, the passenger in her vehicle screamed, "He's got a gun", referring to Officer Wells who now had drawn his service weapon and pointed it in the direction of Judge Covington and the passenger in her car.

15. Judge Covington yelled at her passenger to get down, after she saw from the passenger sideview mirror, someone getting out of the passenger side of the vehicle that struck her and thought maybe there was going to be a shootout with police by occupants of that vehicle.

16. Office Wells then came around Judge Covington's vehicle from the front towards the vehicle that struck her.

17. Judge Covington then moved her vehicle and pulled into a driveway, moving out of the way of the police activity behind her. She waited for Officer Wells or any of the other officers at the scene to approach her, but no one did.

18. After about twenty-five minutes of waiting, Judge Covington exited her vehicle and walked back to where the officers were standing behind the vehicle that struck her. She told them that the person they were chasing just struck her but none of the police officers came to her aside; yet Officer Wells was very much aware of this because he stopped Judge Covington's vehicle to barricade the suspect.

19. One of the officers responded that the person they were chasing was involved in a carjacking and kidnapping in Philadelphia that involved a 12-year-old. Judge Covington responded that that did not make it okay to use her car as the barricade to stop that vehicle.

20. Judge Covington asked Officer Wells why he had stopped her, and why didn't he use his police vehicle as the barricade to stop the suspect?

21. Officer Wells did not respond.

22. Judge Covington gave the officers her business card, and one of the officers wrote the accident report number on the back of her business card, with the phone number to White Marsh Police Department to obtain the accident report.

23. Judge Covington demanded and received Officer Wells' business card. See enclosed.

24. Plaintiff asserts that Defendants violated Judge Covington's Constitutional rights of unlawful stop, unlawful arrest, unlawful detention, and negligence by Officer Wells.

25. Following this incident, Judge Covington, through her attorneys, filed a complaint against Officer Wells with PTPD Chief of Police, John C. Myrsiades, on or about November 11, 2022.

26. Chief Myrsiades was the final decision-maker with regards to PTPD's policies, practices and customs.

27. However, neither PTPD nor Chief Myrsiades took any disciplinary actions against Officer Wells for violating Plaintiff's Constitutional rights.

28  PTPD failed to conduct a good faith and thorough investigation of Plaintiff's complaint submitted to Chief Myrsiades on November 11, 2022.

29  PTPD has a policy and or practice of civil rights violations of citizens by its Police Officers thereby encouraging such unlawful acts by these police officers.

30  PTPD failed to train, supervise and discipline Officer Wells as to the civil rights violations of citizens during the course and scope of his use of police power.

31  Plaintiff's injuries and damages were caused as a direct and proximate result of the policy, practice and or customs of PTPD in condoning the civil rights violations of citizens by its police officers.

32  As a direct and proximate cause of the events initiated, perpetrated, and performed by Defendants as aforesaid, Judge Covington has been injured and severely damaged. Such injuries and damages include, but are not limited to, physical and bodily injuries, emotional and physical harm, pain and suffering, loss of liberty, embarrassment and humiliation, sleepless nights, anxiety, and depression, for which Judge Covington has had to incur great expenses to obtain medical and mental health professional treatment.

VI.     **STATEMENT OF CLAIMS**

**COUNT ONE – §1983 VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS**
**PLAINTIFF V. PLYMOUTH MEETING POLICE DEPARTMENT**

33. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-two (32) above as if same were fully set forth at length herein.

34. Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights when Plaintiff was subjected to unlawful stop, false arrest and detention, excessive use of force, and unlawful search and seizure on October 9, 2022, by Officer Wells.

35. The violation of Plaintiff's Constitutional rights was as a direct and proximate result of the failure of PTPD and its Chief of Police to properly train, supervise, discipline and control Officer Wells, regarding the due process rights of the Plaintiff to be free from unlawful stops, unlawful arrest, excessive use of force, unlawful search and seizure, and unlawful detention.

36. By failing to properly train, discipline and supervise Officer Wells, PTPD displayed deliberate indifference to the rights of Plaintiff to be free from unlawful stops, unlawful arrests, search and seizure, unlawful detention, and excessive use of force.

37. PTPD acquiesced in the unlawful conduct of Officer Wells towards Plaintiff on October 9, 2022.

38. As a proximate and direct result of the actions and omissions of PTPD as aforesaid, Plaintiff has suffered damages to her motor vehicle and loss of use of her motor vehicle, physical, bodily injuries and emotional pain and suffering and consequential damages resulting therefrom.

39. The acts and conducts of the Defendants as stated above where Plaintiff was subjected to unlawful stop, unlawful arrest, detention, search and seizure, and excessive use of force by Defendants are violations of the Civil Rights Act 42 U.S.C. Section 1983 and subjects PTPD to liability under the statute in Plaintiff's favor.

40. As a direct and proximate result of said violation of the Civil Rights Act, Plaintiff has sustained serious bodily injuries, emotional and physical harm, pain and suffering, lost of liberty, embarrassment and humiliation, sleepless nights, anxiety, and depression.

41. Defendant PTPD is therefore liable to Plaintiff pursuant to 42 U.S.C. §1983.

## COUNT TWO-SECTION 1983 CLAIMS AGAINST OFFICER WELLS

42. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 41 above as though fully set forth herein.

43. Officer Wells while acting under the color of state law, violated Plaintiff's First, Fourth, and Fourteenth Amendment rights by directing, participating in, and/or condoning the unlawful stop, unlawful arrest, excessive use of force, unlawful detention, unlawful imprisonment and unlawful search and seizure of the Plaintiff.

44. In doing so Officer Wells also violated the Constitution and laws of the Commonwealth of Pennsylvania because he lacked probable cause to stop, arrest, and detain Plaintiff, and for the search and seizure and use of excessive force on the Plaintiff.

45. False arrest under the Fourth Amendment is established where a Plaintiff pleads and proves that: (1) that there was an arrest; and (2) that the arrest was made without probable cause. *James v. Wilkes-Barre*, 700 F.3d 675, 800 (3d Cir. 2012. Moreover, "where the police lack probable cause to make an arrest, the arrestee has a claim under Section 1983

7

for false imprisonment based on a detention pursuant to that arrest. *Groman v. Twp. of Manalapan,* 47 F.3d 628, 636 (3d Cir.1995).

46. When an officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen, a seizure has occurred. *Florida v. Bostick,* 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); *Terry v. Ohio,* 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *James v. Wilkes-Barre,* 700 F.3d 675, 800 (3d Cir. 2012); *Berg v. Cnty. of Allegheny,* 219 F.3d 261, 269 (3d Cir.2000).

47. Officer Wells lacked probable cause for stopping Plaintiff, and essentially arresting her and restricting her liberty.

48. Officer Wells conduct was so deficient that it was unlawful.

49. Under the circumstances Officer Wells is liable for such unlawful conduct toward Plaintiff.

50. As a direct and proximate result of said violation of the Civil Rights Act by Officer Wells, Plaintiff has sustained bodily injuries, physical pain and suffering, as well as mental anguish, emotional distress, humiliation, consequential damages and damages to reputation.

## COUNT THREE -COMMON LAW FALSE ARREST AND FALSE DETENTION

51. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 46 as though fully set forth herein.

52. The conduct and acts of Officer Wells listed above as alleged constitute common law false arrest and detention against the Plaintiff and he is therefore liable to Plaintiff for her damages and emotional injuries under Pennsylvania state common law.

## COUNT FOUR -COMMON LAW NEGLIGENCE

53. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 48 as though fully set forth herein.

54. At all times material to this action, Officer Wells was acting as an agent of Defendant PTPD, and as such PTPD is vicariously liable to Plaintiff for Officer Wells' negligent actions, operation and use of its vehicle.

55. Defendant Wells was negligent in the operation of his vehicle in that he:

   a. Wrongfully used PTPD's vehicle to stop and detain Plaintiff, knowing or should have known, that Plaintiff would be violently struck by a suspect operating a stolen vehicle that was traveling at a high rate of speed under the circumstances;

   b. Failed to keep his vehicle under proper and adequate control under the circumstances;

   c. Failed to keep a proper lookout for and on behalf Plaintiff's vehicle lawfully upon the roadway;

   d. Failed to exercise due care with regards to the rights and safety of the other vehicles lawfully upon the highway;

   e. Failed to note the point and position of the vehicle plaintiff occupied and or other vehicles upon the highway;

   f. Driving his motor vehicle in front of Plaintiff in an unreasonable manner;

   g. Caused the motor vehicle accident that injured plaintiff and damaged Plaintiff's vehicle.

56. As a direct and proximate result of the negligence and carelessness of the Defendant as aforesaid, the Plaintiff has suffered damage to her motor vehicle, and economic damages for loss of use of her vehicle.

9

57. As a result of the negligence and carelessness of the Defendant as aforesaid, the Plaintiff was caused to sustain serious and permanent personal injuries in, on and about her person, more particularly, but not limited to: severe injuries to her neck, shoulders, face, lower back, with possible injuries to nerves, muscles, ligament, discs, bones, cartilage and blood vessels thereof, possible aggravation, activation, precipitation, instigation, and exacerbation of any pre-existing asymptomatic conditions and other severe injuries in, on about her body, all of which have caused her great pain, suffering and inconvenience and have prevented Plaintiff from attending to her usual and customary duties, avocations and occupations, all of which have caused her to sustain great financial damage, all of which may continue for an indefinite time into the future and may be permanent in nature and character.

58. As a result of the aforesaid accident, plaintiff has undergone great physical pain and mental anguish to her great detriment and loss and has suffered a loss of life's pleasures and she will continue to endure the same for an indefinite time into the future and the same may be permanent in nature and character.

59. As a further result of this accident, Plaintiff has been obliged to expend large sums of money for medical care and medicine in an effort to effect a cure of the aforesaid injuries, and she may be obliged to expend such sums for an indefinite time into the future to her great detriment and loss and a claim is hereby made against the Defendants for payment of said medical expenses.

60. As a result of the aforesaid accident and injuries resulting therefrom, plaintiff has suffered a diminution in her ability to enjoy life and life's pleasure, and said diminution is or may be permanent in nature and character.

## VI. PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests this Honorable Court grant the following relief:

A. Award to Plaintiff damages and compensatory relief for the unlawful acts of Defendants, including but not limited to damages for unlawful stop, unlawful arrest, detention, unlawful search and seizure, bodily and physical pain and suffering, emotional pain and suffering, punitive damages against the individual Defendant Officer Wells in his individual capacity, and all damages permitted by law against all Defendants.

B. Grant Plaintiff, pursuant to 42 U.S.C. §1988, reasonable attorneys' fees, expert fees and costs, and disbursements for violation of Plaintiff's Civil Rights Act; and

C. Expert fees, costs and expenses of litigation, and such other and further damages and equitable relief as this court may deem just and proper under the circumstances.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury on all factual issues in this matter.

Respectfully submitted,

Olugbenga O. Abiona, Esquire
ABIONA LAW PLLC
P.O. Box 3326
Cherry Hill, NJ 08034
(215)625-0330

Dated: April 16, 2024

11